UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| O'NEAL JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 20 CV 2657 |
| SYMON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants Daniel Symons, Zachary Girard, David Showers, and the City of Chicago's Motion to Dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' motion.

## BACKGROUND

The following facts come from the Amended Complaint and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Johnson's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Defendants Symon and Girard ("Defendant Officers") are both Chicago police officers. At 10:32 p.m. on May 1, 2018, they pulled Johnson over at 71st Street and

Halsted. At that time, they ran Johnson's license plate. The Defendant Officers arrested Johnson for driving on a suspended license.

At 10:19 p.m., prior to pulling over Johnson, the Defendant Officers pulled over another vehicle near 69th Street and Sangamon. They called the stop in to the Chicago Office of Emergency Management and Communications ("OEMC"). Defendant Officers let the car go at 10:25 p.m., but represented to OEMC that they were still on the stop after letting the car go. At 10:28 p.m., they pulled over another car at 71st and Halsted, got the driver's license, and ran the license. Defendant Officer Symon "lied to 911", telling them the license he was running was for the 69th and Sangamon stop, while it was actually for the 71st and Halsted stop. At 10:29:55, while still on that stop, Defendant Officer Girard told 911 that they were on a traffic stop at 799 W. 71st Street. Defendant Officers then let the driver go and got in their car.

When they pulled Johnson over at 10:32 p.m., Defendant Officers again lied to "911", saying they were still on the stop they called in at 10:29:55. After Johnson was released, he obtained copies of the police report and "other documents" that showed Defendant Officers falsified reports and gave false information about Johnson's arrest to the OEMC. For example, they falsely recorded Johnson's traffic stop as happening at 11:27 p.m. Furthermore, according to Johnson, Defendant Officers changed out Johnson's license plate. *See* Dkt. # 40, ¶ 23 ("The defendants took off the license plate that was on [Johnson's] car an[d] replaced it with another plate an[d] inventoried it as the plate [that] was on the car when they stopped [Johnson].").

2

The charges against Johnson in the related criminal case were dismissed on or about September 20, 2021.

On April 29, 2020, Johnson filed his complaint in this case. Dkt. # 1. On February 3, 2022, Johnson filed his three-count Amended Complaint against Defendants for: (1) false arrest under 42 U.S.C. § 1983; (2) "tampering with evidence"; and (3) conspiracy to violate Johnson's civil rights under 42 U.S.C. § 1983. Dkt. # 40. Defendants move to dismiss Johnson's Amended Complaint with prejudice for failure to state a claim on all counts. Dkt. # 44.

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well-pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773,

776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## **DISCUSSION**

The Court first notes that Johnson, proceeding *pro se*, is entitled to have his Amended Complaint liberally construed by the Court. *See Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

However, even *pro se* litigants "must expect to file a legal argument and some supporting authority" because "[a] litigant who fails to press a point by supporting it with pertinent authority or by showing why it is sound despite a lack of supporting authority forfeits the point." *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (cleaned up); *see Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.").

"If [a court] is given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). "It follows that a plaintiff's failure to respond to a Rule 12(b)(6) motion giving plausible reasons for dismissal provides adequate grounds for granting the motion." *Garza v. Cervantes*, 2015 WL 468748, at *1 (N.D. Ill. 2015) (granting dismissal where a *pro se* plaintiff failed to respond to plausible arguments raised by defendants in a 12(b)(6) motion); *see Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) ("As to the defendants' motion to dismiss the complaint, Alioto waived his right to contest the dismissal by failing to oppose the motions."); *Lekas v. Briley*, 405 F.3d 602, 614–15 (7th Cir. 2005) ("While Lekas alleged in his complaint that his segregation was in retaliation for his filing of grievances, he did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss," and "[a]ccordingly, [his] retaliation claim has been waived."); *Kirksey*, 168 F.3d at 1041 ("In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.").

Defendants move to dismiss Johnson's Amended Complaint with prejudice for failure to state a claim on three grounds: (1) Johnson's false arrest claim fails because Defendants Symon and Girard had probable cause to arrest Johnson; (2) Johnson has failed to sufficiently plead his "tampering with evidence" claim, whether as a due process claim or spoliation claim; and (3) Johnson has failed to sufficiently plead a

5

federal conspiracy claim. Defendants also argue that Johnson fails to state a claim against Defendant Showers as to all three counts. The Court agrees with Defendants that Johnson failed to sufficiently plead all three counts of his Amended Complaint.

## I. False Arrest

Defendants argue that Johnson's false arrest claim (Count I) fails because there was probable cause to arrest him for driving on a suspended license. Dkt. # 44, at 5. Defendants' argument has two bases: (1) Johnson "does not allege that he <u>was not</u> driving on a suspended or revoked license[,] [n]or does he plead facts suggesting that he had a valid license"; and (2) police body camera footage of the incident, attached as video exhibits to Defendants' Motion, in their view shows that Johnson told Defendants he did not have a valid license. While Defendants spend several pages on the second basis, arguing why the Court should the consider the video clips despite the fact they are "not directly incorporated in Plaintiff's amended complaint," *id*. at 6, the first basis is sufficient to show why Johnson's claim fails.

The Court first notes that Johnson seems to bring this claim under both the Fourth and Fourteenth Amendment. But false arrest claims are assessed under the Fourth Amendment, and the Supreme Court has prescribed that the Fourteenth Amendment is not applicable. *See Albright v. Oliver*, 510 U.S. 266, 271–74 (1994). We therefore assess the false arrest claim under the Fourth Amendment.

"To prevail on a false-arrest claim under [Section] 1983, a plaintiff must show that there was no probable cause for his arrest." *Neita v. City of Chi*., 830 F.3d 494,

6

497 (7th Cir. 2016) (citation omitted); *see also Mitchell v. Plano Police Dep't*, 2017 U.S. Dist. LEXIS 160636, at *12–15 (N.D. Ill. 2017) ("A plaintiff must plead a lack of probable cause in order to succeed on a Fourth Amendment false arrest claim."). An officer has probable cause to arrest if "at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012). "[P]robable cause to believe that a person has committed any crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause." *Andersen v. Vill. of Glenview*, 821 F. App'x 625, 627 (Fed. Cir. 2020) (citing *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007)).

Here, Johnson was arrested for driving on a suspended license. Johnson did not plead that Defendants lacked probable cause to arrest him on May 1, 2018, for example by pleading that he was driving with a valid driver's license. He also did not respond to Defendants' argument regarding probable cause in his response brief, Dkt. # 47, or his "Addition to Response", Dkt. # 51. Johnson has therefore waived this argument. *See Garza*, 2015 WL 468748, at *1; *Lekas*, 405 F.3d at 614–15. Because Johnson has failed to "show that there was no probable cause for his arrest," *Neita*, 830 F.3d at 497, the Court dismisses Johnson's false arrest claim. The claim is dismissed without prejudice. If Johnson believes he can allege sufficient facts that would show a lack of

probable cause for his arrest for driving on a suspended license, he may amend his complaint to do just that.

## II. "Tampering with Evidence"

Count II of Johnson's Amended Complaint asserts a claim of "tampering with evidence." The legal basis for this claim is not clear, but Defendants argue that, assessing the claim as either one for violation of due process or as a type of spoliation of evidence claim, it must be dismissed as legally insufficient. The Court agrees.

Defendants first analyze this claim as "related to a due process violation based on manipulated or fabricated evidence as it pertains to [Johnson's] indicated criminal prosecution." Dkt. # 44, at 9. The Court agrees with Defendants that Johnson cannot make out a claim under the Fourteenth Amendment/Due Process Clause. Johnson's criminal charges were dismissed; he was not convicted. The Seventh Circuit, applying Supreme Court precedent, has stated that "the Fourth Amendment, not the Due Process Clause, is the source of the right in a [Section] 1983 claim for unlawful pretrial detention, whether before or after the initiation of formal legal process." *Lewis v. City of Chi.*, 914 F.3d 472, 479 (7th Cir. 2019) (citing *Manuel v. City of Joliet*, 137 S. Ct. 911, 917–20 (2017)). Johnson did not address Defendants' argument and thus any response to this argument is waived. *See Garza*, 2015 WL 468748, at *1; *Lekas*, 405 F.3d at 614–15.

Next, Defendants assess Count II as claim for spoliation of evidence. The Court agrees with Defendants that Johnson cannot and has not pleaded a federal spoliation

8

claim under Section 1983. *See Edwards v. David*, 2017 WL 2653077, at *7 (N.D. Ill. 2017) ("Plaintiff has failed to identify a constitutional right or interest separate and apart from [Section] 1983 that he believes Defendant [] violated with regard to the allegedly manipulated audio recording, and as such, he has not alleged a plausible civil federal claim for spoliation of evidence."). We therefore turn to Illinois state law.

Illinois recognizes neither a tort of "intentional spoliation of evidence" nor an independent tort for negligent spoliation—rather, spoliation of evidence is a type of negligence. *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509–10 (7th Cir. 2007); *Edwards*, 2017 WL 2653077, at *7 n.8; *Moorer v. Valkner*, 2021 WL 5998533, at *18. To succeed on a spoliation claim, a plaintiff must demonstrate that: "(1) the defendant owed the plaintiff a duty to preserve the evidence; (2) the defendant breached that duty by losing or destroying the evidence; (3) the loss or destruction of the evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit; and (4) as a result, the plaintiff suffered actual damages." *Scheidler v. Metro. Pier & Exposition Auth.*, 2019 WL 1426260, at *7 (quoting *Grayson v. City of Aurora*, 157 F. Supp. 3d 725, 748 (N.D. Ill. 2016)).

Johnson's claim fails under this analysis. He does not make any allegation or argument that Defendants owed him a duty to preserve evidence. While there is no general duty to preserve evidence under Illinois law, one may arise if the parties are sufficiently related and it was foreseeable that the evidence would be used in future litigation. *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 609 (7th

9

Cir. 2016). But "standard police practices aren't enough to show a duty under Illinois law," *Moorer*, 2021 WL 5998533, at *18, and Johnson failed to respond in any way to Defendants' argument on this point.

Furthermore, this claim is time-barred by the Illinois Tort Immunity Act's one-year statute of limitations. 745 ILCS 10/8-101(a).

For the foregoing reasons, we dismiss Count II of Johnson's Amended Complaint with prejudice.

### III. Conspiracy under Section 1983

In Count III, Johnson's claim for "[conspiracy] to violate plaintiff['s] civil rights", he alleges that Defendants "acted in their individual capacity and under color of law, having given false reports an[d] tampered with evidence[,] acted to undertake a course of conduct that violate[d] Plaintiff['s] civil rights." Dkt. # 40, at 5.

"A civil conspiracy is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means.'" *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (quoting *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988)). To establish conspiracy liability under [Section] 1983, Johnson must show that "(1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Id*. In other words, Johnson "must 'show an underlying constitutional violation' and 'demonstrate that the defendants agreed to inflict the constitutional harm.'" *Daugherty v. Page*, 906 F.3d 606, 612 (7th Cir. 2018) (quoting *Hurt v. Wise*,

10

880 F.3d 831, 842 (7th Cir. 2018)). "[C]onspiracy is not an independent basis of liability in [Section] 1983 actions," *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008), so "[w]here there is no underlying constitutional deprivation, there is no Section 1983 conspiracy claim," *Wheeler v. Piazza*, 2018 WL 835353, at *8 (N.D. Ill. 2018) (collecting cases). *See also Hill v. City of Chi.*, 2009 WL 174994, at *9 (N.D. Ill. 2009) ("[I]f a plaintiff fails to prove an underlying constitutional injury, any attendant conspiracy claim necessarily fails.").

As discussed above, Johnson has failed to plead a constitutional deprivation. His conspiracy claim is therefore dismissed without prejudice.[1]

## IV. Defendant Showers

Defendant Showers, barely mentioned in Johnson's complaint, seems to be Defendant Officers' supervising officer. Dkt. # 47, at 10–11. Johnson states in his response brief (not his complaint) that Defendant Showers, acting in his position as supervisor on the night of May 1, 2018, approved Defendant Officers' "event query" regarding the 10:29:55 traffic stop despite knowing "that the time wasn't right." *Id.* at 11–12. According to Johnson, "this could only be because he was corroborating with

---

[1] The Court recognizes that Johnson submitted a large number of exhibits and additional facts with his response to Defendants' motion and his "addition to response." *See generally* Dkt. # 47, 51. The Court notes that a complaint "may not be amended by the briefs in opposition to a motion to dismiss." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). Should Johnson file a second amended complaint, he should include any factual allegations that he intends to rely on.

11

the Defendants to violate Plaintiff['s] [rights] and wrongfully incarcerated Plaintiff." *Id*. at 11–12.

Because the Court dismisses all three of Johnson's claims, it need not address Defendant Showers individually. However, the Court notes that Johnson's conclusory allegations that Showers "knowingly signed [the] false arrest report on Plaintiff" and that he "corroborated [the] false story" are not sufficient. *See Iqbal*, 556 U.S. at 680–81 (rejecting allegations that petitioners "knew of, condoned, and willfully and maliciously agreed to subject" respondent to harsh conditions as "conclusory and not entitled to be assumed true."). Johnson must plead specific facts that would show Showers was part of any alleged conspiracy, including how he may have come to know certain facts, and/or allege specific actions Showers took to cause a constitutional violation.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss (Dkt. # 44). Counts I and III are dismissed without prejudice. Count II is dismissed with prejudice. Johnson may file an amended complaint by 5/17/2023. It is so ordered.

Dated: 4/19/2023

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge